# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40869
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GENARO GARCIA-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1512

Before DAVIS, JONES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Genaro Garcia-Garcia pleaded guilty to one count of illegal reentry and received a below-guidelines sentence of 36 months of imprisonment and a two-year term of supervised release. On appeal, Garcia-Garcia argues that the district court committed procedural error when it failed to consider his request for a downward departure based on cultural assimilation and articulate why it denied this request. Garcia-Garcia also argues that his sentence was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40869

substantively unreasonable and greater than necessary to satisfy the sentencing goals under 18 U.S.C. § 3553(a).

We engage in a bifurcated review of the sentence imposed by the district court, first considering whether the district court committed a "significant procedural error," such as "failing to consider the § 3553(a) factors," or "failing to adequately explain the chosen sentence," and then reviewing the substantive reasonableness of the sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Notwithstanding the above, Garcia-Garcia concedes that our review is for plain error because he failed to object below. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Nevertheless, Garcia-Garcia argues that plain error review should not apply to preserve the issue for further review. To show plain error, Garcia-Garcia must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

With respect to Garcia-Garcia's claim of procedural error, the district court listened to his cultural assimilation argument and asked questions to clarify his background information. The district court then stated that it was not inclined to look favorably on the request and provided some explanation why, noting that while Garcia-Garcia had been in the United States a long time, he did not speak English, and that Garcia-Garcia had two prior drug convictions. Nevertheless, when imposing the below-guidelines sentence, the district court did consider, among other things, Garcia-Garcia's significant ties to the United States and that his family was in the United States. As the district court considered Garcia-Garcia's cultural assimilation argument and

No. 15-40869

adequately explained the reasons for rejecting it, Garcia-Garcia has not shown a clear or obvious error.  *See Puckett*, 556 U.S. at 135; *Rita v. United States*, 551 U.S. 338, 356-59.

As to Garcia-Garcia's claim that his sentence was substantively unreasonable because the district court failed to account for his cultural assimilation, a below-guidelines sentence is presumptively reasonable.  *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015).  Garcia-Garcia's cultural assimilation was discussed at sentencing and the district court determined that a sentence below the guidelines range was appropriate.  Garcia-Garcia is essentially asking us to reweigh the § 3553(a) factors, but "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Garcia-Garcia has not shown sufficient reason to disturb the presumption of reasonableness applicable to his sentence or that his sentence is plainly erroneous.  *See id.*; *Simpson*, 796 F.3d at 557-59.

AFFIRMED.